The facts agreed are as follows:
Eli Murray, late of Alamance county, died in 1870, seized in fee of a tract of land on which he lived, containing about *Page 16 
five hundred acres. That he left a last will in writing, duly executed, so as to pass both real and personal estate, which after his death was duly proved and recorded in the Court of Probate for Alamance county.
William J. Murray and Albert Murray, named as executors in said will, duly qualified as such, and took upon themselves the duties of that office.
That the female plaintiffs are the four daughters, and the defendants are the two sons mentioned by the testator in his will. Nancy Murray, his widow, is now dead.
Under the will of the testator, the executors set apart and allotted to said Nancy, the widow, a tract of land containing eighty acres, including the dwelling house, for and during the natural life of the said Nancy, and she held the same during her life as provided by the will. No part of the real estate of the testator is necessary for the payment of the debts of the testator.
That the copy of the will annexed hereto as a part of this case, is a true and correct copy. Upon this the plaintiffs contend:
1. That the devise in the said will to the said four daughters of the testator, of the tract of land on which he lived, and the mill, is to them exclusively, and that it vests in them a fee simple estate in the whole of said land, to be equally divided between, subject only to the life estate devised to Mrs. Nancy Murray, in the lot of land to be laid off to her.
2. That the defendants, William J. Murray and Albert Murray, have, under said will, no right or interest in said lands or the proceeds thereof as devisees or legatees, and no right as executors to sell it or otherwise to interfere with it.
The defendants contend:
1. That under the true and proper construction of the will of the said Eli Murray, the lot of land directed by said will to be cut off and set apart to Nancy Murray, the widow of the said Eli Murray, for and during the natural life or widowhood of said Nancy, and which was set apart by the said executors *Page 17 
as directed under said will, did not pass solely to the four daughters of said Eli Murray after the death of the said widow.
2. That it was the right and duty of the defendants as executors, to sell the tract of land so set apart and to divide the proceeds of the sale, as well as the proceeds of the sale of the personal property, among all the children of Eli Murray.
3. That the said William J. Murray and Albert Murray, in their own right, are each entitled to one-sixth part of the proceeds of the said lot or parcel of land, devised to Nancy Murray, the widow, during her natural life, and directed to be sold by the executors (as they insist) after the death of the said Nancy.
The plaintiffs pray that their rights may be declared under said will to said land, by the judgment of the Court, and that the defendants may be perpetually enjoined from interfering with the same.
1. The defendants pray that they, in their individual right, may be declared entitled to each one-sixth interest in the said tract of land devised to Nancy Murray for life and set apart to her as directed by said will.
2. That under the will of the said Eli Murray, they as executors may be declared entitled to sell the said lot of land so set apart to the said Nancy for and during her natural life, she now being dead, and to divide the proceeds of such sale among all the children, both sons and daughters of the said Eli.
3. That a true and proper construction of the said will of the said Eli Murray may be given or made by this Court, and directions given to the said executors concerning the rights of all the parties named therein.
The following is a copy of the will:
 STATE OF NORTH CAROLINA, } Alamance County. }
I, Eli Murray, of the county and State aforesaid, being old *Page 18 
and knowing it is appointed once for all men to die, I do constitute this my last will and testament: First of all, I will that my body have a decent, christian burial, with full assurance of its resurrection at the last day. As it regards my worldly effects wherewith God has blessed me with, I will and bequeath after the following manner: First, I will that all my just debts be paid, of which I don't know that I owe five dollars at this date, then it is my will that my wife, Nancy Murray, have a lot of land including the house I now live in, sufficient for a one horse crop as little to the prejudice of the whole as can be done with sufficient wood land to support it, to her use during her natural life, and I will that she have two beds and furniture, one horse, one milch cow, sow and pigs, my carryall and buggy, a good one horse turning plow and bull tongue plow, and such of my house furniture as is necessary to have, including her bureau and my currill press and sufficient number of chairs, and if she desires it my sofa and parlor chairs to remain during her natural life, and I also will that she have two hundred dollars in money. I will a sufficient quantity of meadow land be laid off for her as she can't keep much of it. I also will that my wife have as much of my kitchen furniture as is necessary, and one year's support; all this I will during natural life, and at her death to be sold and equally divided between my children, and what she accumulates during her sojourn for her to will as she please. And the balance of my property I will as follows: I will all my land in the tract I now live on be equally divided between my four daughters Aveline, Sarah Ann, Margaret Jane and Emma Virginia, including my mill. And I will that my daughter Emma Virginia have two beds and furniture and horse and saddle and her bureau and set of chairs, all equal to what the rest of may daughters have had, and it is my will that such of my houses is not necessary for one lot, to be taken off or divided so as to make the lots as equal as they can be. All I will to my children and their heirs, and all that I have given to my children to have and to hold, and such of my son John Alvis' estate as fell to me by law and is still remaining at Factory *Page 19 
I will to my two sons William James and Albert Murray, and his gold watch which I now carry I will to my grandson Edwin Cranford Murray, at my death I also will my desk to my son Albert Murray to kept in family, and also will my first wife's bureau I will to my daughter Aveline. And the balance of my property I will, just to be valued by some disinterested men and then put up and sold, and if it does not bring the sums the valuation to be divided equally among my children, first when it is put the cryer to start it the valuation and if don't bring that to be divided among my children at the valuation equally. All my property except such as I have willed to be sold, stock of horses and wagons and harness, cotton mill, gin, threshing machine, molasses mill, my cider mill I wish to remain here with my wife as long as she may need it to the use of my children when they come here and use it, and all the other property as above stated to be sold at public sale and divided equally among all my children. There is a great many articles too tedious to mention, all to be collected and valued and either sold or divided, and what money I have on hand or invested any way to be equally divided among my children and as above stated what I have advanced to my children heretofore as above stated what fell to me by law from my son John Alvis' estate, and what I have advanced to two sons Wm. James and Albert to have and to hold forever, and should my wife become old and incapable of managing her affairs I will that my executors attend to it and manage to her best advantage and to see that she has a sufficient support. And as to the interest I hold in a lot of land where Mason lives if I do not dispose of it sooner I will it to be sold and as my other property equally divided.
After due reflection I think I have mentioned all that is necessary, and should there be any article not mentioned let it be sold and divided as above stated, and this is my will, and I wish it carried out, and to this end I constitute and appoint my two sons Wm. James and Albert Murray my whole and sole executors to this my last will and testament, and desire that it be recorded as such. *Page 20 
In testimony whereof I have hereunto set my hand and affixed my seal this third day of June, in the year of our Lord one thousand eight hundred and sixty-nine.
ELI MURRAY, [Seal.]
Acknowledged in the presence of
JAMES W. LEA,
ALVIS KING.
June 3rd, 1869.
Upon these facts agreed, the Court adjudged:
1. That under the will of Eli Murray the feme plaintiffs are entitled to the whole of the tract of land mentioned in the said case agreed and on which the said Eli Murray lived, to be equally divided between the said four feme plaintiffs, including the lot of land set apart to Nancy, widow of said Eli.
2. That the defendants have no interest in said tract of land and no right as executors to sell the same.
3. That the cost of this action be paid by the executors out of the general assets of the said Eli Murray.
From this judgment the defendants appealed.
To ascertain the will of the testator through the words which he has used, aided by circumstances, is the rule for construing wills. The one under consideration is so inartificially written that there is danger of misunderstanding it after the most careful reading.
The question is, whether the portion of the testator's home place, given to his wife for life, goes to his four daughters, to whom the balance of the home place is given; or, whether it is to be sold after his wife's death, and the proceeds divided among all of his children.
"It is my will that my wife, Nancy Murray, have a lot of land, including the house I now live in, sufficient for a one-horse *Page 21 
crop, as little to the prejudice of the whole as can be done, with sufficient wood land to support it, to her use during her life." The will then proceeds to give the wife a great many articles of personal property, enumerating them, and also the use of a small part of the meadow, and then "All this I will during natural life, and at her death to be sold and equally divided between my children." Does "all this" include the land or only the personal property? We think it includes only the personal property. When he gave the land, as above to his wife for life, he dropped that subject and took up the personal property, and before leaving it, directed it to be sold at his wife's death. And then he returns again to the land, and says: "And the balance of my property I will as follows: I will all my land in the tract I now live on, be equally divided among my four daughters," c.
The construction which we put upon it is the same as if he had given the home tract to his daughter's encumbered with the life estate of the wife in the lot set apart for her.
There is no error. This will be certified.
PER CURIAM. Judgment affirmed.